### DAVID W. COOK *vs.* MARSHALL MILLS.

A plaintiff who has had costs allowed to him to which he was not entitled, for the reason that his claim against the defendant was overbalanced by a set-off and a verdict was returned for the defendant, cannot except to an order of the court that the defendant's costs should be set off against his costs.

CONTRACT. The plaintiff's claim, as established at the second trial, after the decision reported in 5 Allen, 36, was overbalanced by the defendant's set-off, and a verdict was returned for the defendant. Upon an appeal from the clerk's taxation of costs, *Vose*, J. allowed costs to each party, and ordered that the bills of costs be set off against each other, and that execution should issue for the balance of costs which might be found due to either party. The plaintiff alleged exceptions.

*W. A. Williams*, for the plaintiff.

*P. C. Bacon & S. P. Twiss*, for the defendant.

METCALF, J. This case must be decided on the well known general rule that a party cannot assign for error that which is for his advantage. Costs were wrongly allowed to the plaintiff, (*Wolcott* v. *Dooley*, 4 Allen, 400,) and were wrongly ordered to be set off against the defendant's costs. This was for the plaintiff's advantage, and injurious only to the defendant, who has taken no exception thereto.

It has been argued that these exceptions should be sustained on the ground that the attorney of the plaintiff had a lien on the costs, and consequently that the order of set-off was unwarranted. But this argument proceeded on the erroneous assumption that the costs were rightly allowed, and that only the order of set-off was wrong and to be reversed. Whereas, if we were

to sustain the exceptions, we should remove all pretence for an attorney's lien by disallowing the costs to which such a lien is supposed to attach. *Exceptions overruled.*